# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1977V
(not to be published)

| | |
|---|---|
| CAROLYN KLAUSEN, administrator of the ESTATE OF TERRY KLAUSEN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 28, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Paralegal Tasks at Attorney Rates |

*David John Carney*, Green & Schafle, LLC, Philadelphia, PA, for Petitioner.

*Austin Joel Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 30, 2019, Terry Klausen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine he received on January 7, 2019. Petition, ECF No. 1 at 1. On December 1, 2021, Mr. Klausen died due to causes unrelated to the vaccination at issue in this case. Petitioner's Exhibit ("Ex.") 20. His wife,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Carolyn Klausen, was appointed administrator of his estate and substituted as the petitioner in this case. ECF No. 49-50. On February 2, 2023, a decision was issued awarding compensation to Petitioner in the amount of $60,000.00. ECF No. 55.

Petitioner has now filed a motion for attorney's fees and costs, dated February 26, 2023 (ECF No. 61), requesting a total award of $67,946.10 (representing $65,883.50 in fees and $2,062.60 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. *Id.* at 52. Respondent reacted to the motion on February 27, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. ECF No. 62. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests compensation for her attorney, David Carney, at the following rates: $325 for time billed in 2019; $350 for time billed in 2020; $375 per hour for 2021; and $400 for time in 2022. ECF No. 61 at 29. These rates have been previously awarded for this attorney and will be awarded in this matter as well. Mr. Carney also requests an increased rate of $425 per hour for time billed in 2023. *Id.* I find the requested rate increase to be reasonable and shall award it herein

### B. Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See,* e.g., *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

It appears counsel performed a number of paralegal tasks, but seeks attorney rates for them. Examples of these entries include, but not limited to:

- December 30, 2019 (0.50hrs) "Filed Petition, Exhibit List, and Cover Sheet with the Court electronically";

- January 17, 2020 (0.70hrs) "prepared and bates stamp exhibits 1 – 5; drafted NOF and filed exhibits and PAR Questionnaire";

- March 21, 2020 (0.30hrs) "prepared NOF and exhibit, and filed Exhibit 6"; and

3

- July 16, 2021 (0.50hrs) "prepared NOF and exhibits, and filed exhibits 13 – 15".

ECF No. 61 at 17 and 22.

Because the Program does not pay attorney rates for such administrative tasks, I shall instead compensate this time at the following reduced rates: $145 per hour for 2019 – 2021 and $175 per hour for 2022. These rates are more comparable to what a paralegal would receive. This reduces the amount of fees to be awarded by **$925.00**.[3]

I also note that the overall sum to be awarded counsel for time spent on this case exceeds Petitioner's recovery. Although I do not see herein a compelling basis to reduce the amount awarded for fees, counsel must in the future take care not to bill sums to a matter where the disparity between time spent on it and the recovery is so readily evident.

## ATTORNEY COSTS

Petitioner requests $2,062.60 in overall costs. ECF No. 61 at 3. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$67,021.10** (representing $64,958.50 in fees and $2,062.60 in costs) as a lump sum in the form of a check jointly payable to Petitioner and David J. Carney, Esquire and Green & Schafle, LLC. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

                                                                      **s/Brian H. Corcoran**
                                                                      Brian H. Corcoran
                                                                       Chief Special Master

---

[3] This amount is calculated as follows: ($325 - $145 = $180 x 0.50hrs = $90) + ($350 - $145 = $205 x 1.50hrs = $307.50) + ($375 - $145 = $230 x 2hrs = $460) + ($400 - $175 x 0.30hrs = $67.50) = $925.00.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.